[Cite as *State v. Hale*, 2016-Ohio-7095.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 27012 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 15-CR-2105 |
| v. | : | |
| | : | (Criminal appeal from Montgomery |
| ALLEN L. HALE | : | County Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, Slicer Law Office, 111 West First Street, Suite 518, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Allen Hale appeals from his conviction and sentence to community control sanctions for having a weapon while under disability, a felony of the third degree. On

June 2, 2016, Hale's assigned counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that the appeal is frivolous and requesting permission to withdraw. On June 6, 2016 Hale filed a request that his counsel be removed from the case because he wanted "the facts of my case reviewed" and his attorney "haven't (sic) been any help." By order filed June 9, 2016, we informed Hale that the *Anders* brief had been filed and advised him of his right to file his own brief and the time limit for doing so. On June 23, 2016 we filed a decision and entry overruling Appellant's request for new counsel, reminding Hale of the time for filing a pro se brief and indicating that if our review revealed any non-frivolous issues, new counsel would be appointed. Hale has not filed a pro se brief, and the time for filing has expired.

**The course of proceedings**

{¶ 2} The following is a statement of facts the prosecutor made at the plea hearing:

[Hale was] driving a motor vehicle on July 13th, 2015, here in Montgomery County. He was travelling at an excess rate of speed in a residential area where the speed limit was 25 miles per hour. He had severely dark tinted windows to the point that the officers could not even tell how many occupants were in the vehicle.

When the police stopped the vehicle, the car had stopped and parked. The police pulled in behind the vehicle, turned on their overheads, asked Mr. Hale as he got out of the driver's seat for his ID and he took off running.

The police caught him, brought him back to the car. In doing so, there was a firearm that was immediately apparent upon looking in the car. They

were going to do an inventory because, to tow the car, but immediately upon opening the driver's door, there was a loaded firearm between the driver's seat and the console right where the seat belt attachment would be.

And Mr. Hale has a prior 4 (sic) possession of heroin which is where the weapons under disability comes from.

(Transcript, Change of Plea, at 4-5.)[1] Hale's counsel stated "We're in agreement with the statement of facts". (*Id.* at 5.)

**{¶ 3}** Hale had been indicted on four counts: I) having weapons while under disability (prior drug offense,) a third-degree felony, II) carrying concealed weapons, a fourth degree felony, III) obstructing official business, a second-degree misdemeanor and IV) improper handling of a firearm in a motor vehicle, a fourth degree felony. Hale filed a motion to suppress evidence which was set for a hearing on September 25, 2015. However, on that date a plea agreement was reached. In exchange for Hale's plea of no contest to Count I, the State would dismiss the three remaining charges and Hale would be sentenced to community control sanctions. Hale and his attorney signed a written request to withdraw the motion to suppress which was approved by the trial court. (Doc. #20.)

**{¶ 4}** At the plea hearing, the trial court conducted a complete Crim. R. 11 colloquy. Hale entered his no contest plea and the court determined he made his plea "knowingly,

---

[1] Two copies of the transcript were filed, one on May 20, 2016 and one on May 26, 2016. The reported statements made are identical in each but page 2 of the first transcript is a table of contents page and, because of text and line spacing, the first transcript is 14 pages and the second is 13 pages. The transcription of what was said is identical but the pagination and position of a particular line is not. Our references are to the transcript filed May 20, 2016.

voluntarily and intelligently." (*Id.* at 11). A presentence investigation was ordered and the matter was set for sentencing.

**{¶ 5}** A termination entry was filed on October 23, 2015 reflecting that Hale was sentenced on October 21, 2015 to community control sanctions consisting of basic supervision, drug testing, community service work, and employment classes. (Doc. # 23)

**{¶ 6}** On February 16, 2016 Hale filed a "NOTICE OF APPEAL (DELAYED)" (Doc. # 29.). In that filing Hale indicated that he was coerced into not proceeding with the motion to suppress hearing, that he did not commit a moving violation, that the owner of the vehicle had a medical waiver for the window tint, and that he attempted to hire, but was not permitted to have private counsel. He attached documentation in the form of the traffic citation, pages of police reports, a window tint prescription, an undated retainer receipt for private counsel and a copy of his no contest plea form. By decision and entry filed April 4, 2016 we sustained Hale's request to proceed as a delayed appeal but made no determination about the supplemental material he supplied.

### *Anders* Review

**{¶ 7}** Counsel's *Anders* brief indicates that he is unable to find any appellate issues with arguable merit and he requests permission to withdraw from further representation. From our review of the record there is simply nothing from which we can envision an appealable issue with arguable merit. Hale entered into a plea agreement and his no contest plea "knowingly, voluntarily and intelligently." The trial court complied with Crim. R. 11 in accepting the plea. The agreed facts before the court support a finding of guilt. The sentence imposed is an agreed sentence that is authorized by law and the sentence is not subject to review on appeal. *State v. Sergent*, Ohio Sup.Ct. Slip Opinion No. 2016–

Ohio–2696, ¶ 28–30; R.C. 2953.08(D)(1).

{¶ 8} We note that Hale filed several attachments to his notice of appeal (delayed) and to his Memorandum in Support of Jurisdiction for Delayed Appeal, filed in this court March 21, 2016. None of this material was properly before the trial court for adjudication of any arguments that he attempted to raise in that court and we cannot consider any of that supplemental material to determine whether there is an issue regarding ineffectiveness of trial counsel.[2] On this record, such an argument is unsupported and frivolous.

{¶ 9} We have conducted a full examination of all the proceedings to decide whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders* at 744. We also have performed our duty under *Anders* to conduct an independent review of the record. We have thoroughly reviewed the docket, the various filings, the written transcript of the plea hearing, and the sentencing entry. We have found no non-frivolous issues for review. Accordingly, we grant counsel's motion to withdraw and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Charles W. Slicer, III

---

[2] We make no determination whether Appellant's supplemental material, with proper evidentiary support, could be presented to the trial court in a Petition for Post-conviction relief under R.C. 2953.21. Such a "petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." The expiration of the time for filing an appeal of Hale's October 23, 2015 Termination Entry was "within 30 days of that entry." App. R. 4(A)(1).

Allen Lamar Hale
Hon. Dennis J. Adkins